

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 16, 1959

Honorable Owen F. Watkins
County Attorney
Limestone County
Groesbeck, Texas

Opinion No. WW-596

Re: Authority of a County
Commissioners' Court
to enter into a contract
with the Soil Conservation
Service of the U. S. De-
partment of Agriculture
for maintenance of the
county's portion of a water
conservation project, and
its authority to appropriate
money for this maintenance
under Senate Bill 270, Acts
50th Legislature, 1947,
Chapter 53, Page 72.

Dear Sir:

You have requested an opinion on the following questions:

(1). Can Senate Bill 270, Acts 50th Legislature, 1947,
Chapter 53, Page 72 -- A Special Road Law for Limestone
County, Texas, be construed so that the Commissioners' Court
of Limestone County has the authority to enter into a con-
tract with Soil Conservation Service and the U. S. De-
partment of Agriculture for maintenance of Limestone County
portion of the upper Trinity River watershed after con-
struction and completion in Limestone County, Texas, of
water conservation projects?

(2). Can Senate Bill 270, Acts 50th Legislature,
1947, Chapter 53, Page 72 be construed so that the
Commissioners' Court of Limestone County, Texas has the
authority within Section 17 of the said Bill to enter
into a contract with Soil Conservation Service to appro-
priate moneys necessary for the maintenance of such water
conservation construction after their completion?

The answer to both of your questions is in the negative.

Senate Bill 270, Acts 50th Legislature, 1947, Chapter 53, Page 72 is a limited Act specifically limiting its language and intent to "a more efficient road system for Limestone County". The Commissioners' authority to act in every section is connected with "public roads".

Section 14 limits spending of all moneys of the Road and Bridge Fund to public roads.

Section 15 states that the purpose of the Act is to authorize Commissioners' Courts to act for "better public roads".

Section 17 restricts the authority of the Commissioners' Court to act except on a cash basis and as a result no obligation shall be created unless funds are certified available.

Section 18 which authorizes the Commissioners' Court to contract with the State and Federal Agencies is again limited to public roads.

The Commissioners' Court is a Court of limited jurisdiction and has only such powers as are conferred upon it by express terms or by necessary implication. Childress County v. State, 127 Tex. 343, 92 S.W.2d, 1011 (1936); El Paso County v. Elom, 106 S.W.2d, 393; Howard v. Henderson County, 116 S.W.2d 479 Hill v. Sterrett, 252 S.W.2d 766(Tex.Civ.App 1952, error ref., n. r. e.). The power of such Courts to make appropriations or to expend county funds is controlled by the above rule of law.

It is apparent that the Soil Conservation Service and the District with which you will be concerned was organized under the provisions of Article 165a-4, Vernon's Annotated Civil Statutes. After careful search and examination of the Statutes, including the provisions of Article 165a-4, we are unable to find any authority for the Commissioners' Court of Limestone County to expend county funds for the purpose set forth in this inquiry under Senate Bill 270, Acts 50th Legislature, 1947, Chapter 53, Page 72.

Your attention is called to Articles 7048a and 7048b, Vernon's Annotated Civil Statutes, which provide methods for raising funds and authorize the county to enter into contracts with the Soil Conservation District. (See also Attorney General's Opinion No. WW-595)

## SUMMARY

The Commissioners' Court is without authorization under Senate Bill 270, Acts 50th Legislature, 1947

2911

Chapter 53, page 72, to contract with the Soil Conservation Service or to pay out county funds for the maintenance of projects constructed by the Soil Conservation Service. While you might contract under Article 7048b with the Soil Conservation Service, it will be necessary that you comply with Article 7048a before funds will be available for the maintenance of Soil Conservation projects.

Yours very truly,

WILL WILSON
Attorney General of Texas

By George C. Reed

George C Reed
Assistant

GCR:gl:me

APPROVED

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Jot Hodges, Jr.
Thomas Burrus
Houghton Brownlee, Jr.
Larry Jones

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert